## John McConnell *vs.* Almeron R. Gardner.

### *Appeal from Johnson.*

The court will not entertain a bill filed by an elder of a church, in his own name, and right as an elder, to secure the title to a church lot, granted to the church of which he is a member and elder.

The petition should be filed in the name of the church, and in the absence of an incorporation it should set forth the names of all the members of the association.

This was a bill in chancery filed by John McConnell, an elder of the first Presbyterian Church of Iowa City, against Almeron R. Gardner, an elder of the Universalian Society.

The complainant set forth that in November 1840, acting as an agent and elder of his church and under the provisions of, and in accordance with an act of the legislature, granting certain lots of land in Iowa City for church and literary purposes, made application to Chauncy Swan, then the acting commissioner, for the west half of the church reservation, in block No. 66, for the purpose of erecting a church thereon, and entered into a bond with two approved securities, &c. That it was positively his intention as elder and agent for said church, to erect a building for public worship, &c. That afterwards the defendant Gardner, in behalf of the Universalian Society, well knowing the previous application of complainant, had also presented a bond for said lot and

had commenced operations to erect a church edifice, &c. The bill prayed an injunction, and general relief.

At the November term of the District Court 1841, Judge Williams, presiding, the defendant, by Reagan & Carleton, his attorneys, moved to dismiss the proceedings for the want of equity on the face of the bill, and because the complainant had full and complete remedy at law. The injunction was dissolved and the bill dismissed.

From which decree the complainant appealed to this court.

This cause was elaborately argued by the counsel for the complainant, and the defendant, and numerous authorities cited upon the points raised, but the opinion the court embraces all that is requisite to an understanding of the case.

CALKIN & LOWE, for complainant.

REAGAN, GILBERT & CARLETON, for defendant.

PER CURIAM, MASON, CHIEF JUSTICE.—The first question arising in this case is whether there are proper parties thereto. Is the petition filed for and in behalf of McConnell, or of the church, or of both. Evidently McConnell himself is the sole complainant. It is true he sets forth that he is elder of the church but is merely *discriptio personæ.* The petition sets forth the grievances of no person but himself—the remedy sought is his. "In consideration whereof and inasmuch as *your orator* is without remedy "—" may it please your honor to grant unto *your orator* a writ of summons "—" And may your honor also grant a writ of injunction to *your orator.*" These expressions we think clearly decide the character of the petition in relation to the party complainant.

That party is the mere agent of the church. It is true he describes himself also as elder, but what are his functions by virtue of that office we cannot judicially know. An agent in a case like this should certainly file the petition in the name and behalf of his principal.

It would doubtless be more convenient to allow the agent to sue in his own name, but such a convenience can only be procured through an act of the legislature. As a general rule all the members of a voluntary association should be joined in the petition, but to prevent the inconvenience and delay which such a requirement would occasion, where the members are numerous, courts of equity have of late countenanced the mode of a part commencing proceedings in behalf of all.

35

But the petition in such a case should set forth facts to justify that course.

In the present case it does not appear that the number of associated members is so great as to create inconvenience in having all their names joined. Nor is the proceeding instituted by McConnell in behalf of the association, but for himself alone, although it would be reasonable to infer that his success would redound to the exclusive benefit of the whole association. That is a matter, however, which should not be left to inference.

But it is said that McConnell has a personal interest in this matter, having signed the bond to the territory in pursuance of the statute. So have the other two securities in that bond. Can either of them therefore bring suit in his own name? No; the petition should have been filed in the name of the Presbyterian Church. In the absence of an act of incorporation it should have set forth the names of all the members of the association, or it should have been brought by some of the members for and in behalf of all.

It was also contended in the argument that the statute directed the deed to be made out and delivered to the agent, and that therefore the intention must have been to vest the agent with the right to sue in this manner. This is clearly a *non sequitur*. The deed is to be given to the church, but to be delivered into the hands of its agent. The business is to be transacted by the agent it is true, but it must be done in the name and for the benefit of the principal.

We think then that McConnell has shown no such interest in himself as to justify him in seeking a remedy in his own name; that therefore as between the present parties their is no equity in the bill, and that the decree of the court below dismissing the same, was correct for that reason alone. It will therefore be unnecessary to consider the other points made in this case.

Judgment affirmed.